IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-405-BO
No. 5:24-CV-234-BO

EDWARD MOORE, JR.,                    )
    Petitioner,                       )
                                      )
v.                                    )          ORDER
                                      )
UNITED STATES OF AMERICA,             )
    Respondent.                       )

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct

his sentence under 28 U.S.C. § 2255. [DE 115]. The government has moved for dismissal of the

petition or, alternatively, summary judgment. [DE 126]. In this posture, the matter is ripe for

disposition. For the reasons discussed below, the government's motion to dismiss [DE 126] is

GRANTED and petitioner's § 2255 motion [DE 115] is DISMISSED.

BACKGROUND

In June 2019, following a jury trial, petitioner was convicted of Hobbs Act robbery of One

Main Financial on October 19, 2016, in violation of 18 U.S.C. § 1951 (count 1), discharging a

firearm during and in relation to the crime of violence committed on October 19, 2016, in violation

of 18 U.S.C. § 924(c)(1)(A)(iii) (count 2), possession of a firearm by a convicted felon on October

19, 2016, in violation of 18 U.S.C. §§ 922(g)(1), 924 (count 3), armed bank robbery of Bank of

America on November 10, 2016, in violation of 18 U.S.C. § 2113(a), (d) (count 4), discharging a

firearm during and in relation to the crime of violence committed on November 10, 2016, in

violation of 18 U.S.C. § 924(c)(1)(A)(iii) (count 5), possession of a firearm by a convicted felon

on November 10, 2016, in violation of 18 U.S.C. §§ 922(g)(1), 924 (count 6), armed bank robbery

of Bank of America on December 7, 2016, and aiding and abetting, in violation of 18 U.S.C. §§ 2, 2113(a), (d) (count 7), discharging a firearm during and in relation to the crime of violence committed on December 7, 2016, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii) (count 8), possession of a firearm by a convicted felon on December 7, 2016, in violation of 18 U.S.C. §§ 922(g)(1), 924 (count 9), and possession of a firearm by a convicted felon on December 12, 2016, in violation of 18 U.S.C. §§ 922(g)(1), 924 (count 10). [DE 72, 93, 109].

In November 2019, this Court sentenced petitioner to a total term of 1,260 months' imprisonment. [DE 93]. The Court then revoked petitioner's supervised release imposed following his convictions for carjacking and aiding and abetting, in violation of 18 U.S.C. §§ 2, 2119, and brandishing a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii), and sentenced petitioner to a concurrent term of 51 months' imprisonment. [DE 72, 93]. Petitioner appealed to the Fourth Circuit, and in April 2023 the Fourth Circuit affirmed this Court's sentence. [DE 109, 110].

In April 2024, petitioner filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 115]. Petitioner's § 2255 motion rests on four ineffective assistance of counsel claims. [DE 115]. Specifically, petitioner contends that his former trial counsel, T.R. Wilson, was constitutionally ineffective in failing to: (1) investigate petitioner's proposed alibis, (2) impeach the government's witness, (3) file a motion to suppress, and (4) object during the government's closing argument. [DE 115, 120]. The government has moved for dismissal of petitioner's § 2255 petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, summary judgment. [DE 126]. Petitioner opposes the government's motion. [DE 130].

2

## DISCUSSION

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

Petitioner's claims are premised on alleged ineffective assistance of counsel under the Sixth Amendment. Pursuant to the standard set in *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner claiming ineffective assistance of counsel must show "that counsel's performance fell below an objective standard of reasonableness." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (internal quotation marks omitted). A court's "scrutiny of counsel's performance must be highly deferential." *Id.* In fact, there is a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). Petitioner must further show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. As such, petitioner's claims can only succeed if he satisfies a two-prong test: that his counsel's performance fell below an objective standard of reasonableness *and* that, but for counsel's errors, the result would have been different. 466 U.S. at 687.

Preliminary, the Court will dismiss both petitioner's claims that Wilson was ineffective in failing to (1) impeach the government's witness, and (2) object during the government's closing

3

arguments. [DE 115]. Applying *Roane*'s "strong presumption" that Wilson's conduct fell "within the wide range of reasonable professional assistance," 378 F.3d at 404, it cannot be said that Wilson's "performance fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688. Thus, petitioner's claims lodged against Wilson's trial tactics are dismissed. [DE 115].

Next, the Court will dismiss petitioner's ineffective assistance of counsel claim based on Wilson's decision to not file a suppression motion. [DE 115, 120]. Wilson explained that he declined to file a suppression motion because it would have been frivolous. [DE 129-7]. And it is well-understood that "[c]ounsel is not required to advance frivolous or irrelevant arguments, and is given significant discretion when deciding on proper defense strategy." *Faison v. United States*, No. 4:12CR4-2, 2014 WL 1220545, at *5 (E.D. Va. Mar. 24, 2014) (citing *Strickland,* 466 U.S. at 688-89.). Even so, the Court will further dismiss petitioner's claim on the merits because petitioner cannot demonstrate that Wilson's decision to not file a motion to suppress constituted ineffective assistance under *Strickland.* 466 U.S. at 687.

While warrantless searches of a residence "are *per se* unreasonable under the Fourth Amendment," they are "subject . . . to a few specifically established and well-delineated exceptions." *See Katz v. United States*, 389 U.S. 347, 357 (1967). One such exception is the "protective sweep" doctrine laid out under *Maryland v. Buie*, 494 U.S. 325 (1990). *See also United States v. Everett*, 91 F.4th 698, 709 (4th Cir. 2024), *cert. denied*, No. 23-7734, 2024 WL 4427062 (U.S. Oct. 7, 2024). Under the "protective sweep" doctrine, officers acting incident to an arrest may, "as a precautionary matter and without probable cause or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched." *Buie*, 494 U.S. at 334. In addition, when police officers make an arrest at a home, they are also entitled to perform a "protective sweep" of the house when they have

4

"articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Buie*, 494 U.S. at 334.

Importantly, the "linchpin of the protective sweep analysis is not 'the threat posed by the arrestee, [but] the safety threat posed by the house, or more properly by unseen third parties in the house.'" *United States v. Jones*, 667 F.3d 477, 484 (4th Cir. 2012) (quoting *Buie*, 494 U.S. at 336). And courts have recognized how "protective sweeps are generally associated with arrests arising out of various forms of conspiratorial offenses, where police can logically and justifiably assume that a suspect has close criminal associates who may be willing to take dangerous and violent actions to ensure that the suspect is not taken into custody." *United States v. McCants*, 664 F.Supp.2d 620, 625 (D.S.C. 2009). The holding in *United States v. Davis* provides a prime example of this reasoning; there, the District Court concluded that law enforcement's protective sweep was permissible when "[t]he officers knew . . . they were about to arrest a substantial drug supplier, and he had a known connection to firearms and a network of drug distributors and compatriots." 906 F.Supp.2d 545, 551 (S.D.W. Va. 2012). *See also Mora v. City of Gaithersburg*, 519 F.3d 216, 226 (4th Cir. 2008) (upholding a "preventive search" when officers "did not and could not fully know the dimensions of the threat they faced").

Applying these firmly-settled principles to the case at bar compels the conclusion that the officers' conducted a permissible protective sweep of petitioner's home following petitioner's arrest outside his residence. [DE 115, 120, 126, 127]. A review of the record illustrates a scene in which the officers had to consider "the threat posed . . . by unseen third parties in the house." *Jones*, 667 F,3d at 484 (quotations omitted). Prior to the arrest, officers were informed that petitioner "perpetrated the armed bank robberies," and "'us[ed] other people to commit the other

5

robberies." [DE 127]. Further, during officers' surveillance of petitioner's residence, officers observed multiple vehicles arrive at petitioner's residence — only one of which contained petitioner. [DE 127]. And at the time of petitioner's arrest petitioner, who was recently released from prison, had a firearm in his possession. [DE 127]. *See United States v. Watson*, 703 F.3d 684, 693 (4th Cir. 2013) ("With respect to officer safety, we observe that the protection of police officers is of particular concern in cases in which both drugs and firearms are the subject of a pending search warrant."). In sum, the Court concludes that the violent nature of the armed robberies petitioner perpetrated, the officers' surveillance of other individuals arriving at the home, and petitioner's possession of a firearm all constitute "articulable facts which, taken together with the rational inference from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Buie*, 494 U.S. at 334.

Based on the foregoing, the Court concludes that the officers conducted a permissible "protective sweep" of petitioner's residence. *Buie*, 494 U.S. at 334. As such, petitioner's hypothetical motion to suppress evidence obtained from his residence would have been futile. Because petitioner cannot meet his burden of demonstrating both the performance and prejudice prongs under *Strickland*, he therefore fails to prove how Wilson was ineffective by not filing a motion to suppress. [DE 115]. 466 U.S. at 687.

Finally, petitioner's ineffective assistance claim premised on Wilson's failure to investigate also lacks merit. [DE 115, 120]. While the Fourth Circuit encourages counsel to "conduct a reasonable investigation into potential defenses, *Strickland* does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client." *Dyess*, 730 F.3d at 362 (quotations and citations omitted). Indeed, while a failure

6

to investigate a "critical" witness can be ineffective assistance, *see Huffington v. Nuth*, 140 F.3d 572, 580 (4th Cir. 1998), the Fourth Circuit has never concluded that "an attorney's hiring of an investigator who fails to discover evidence renders that attorney ineffective." *Dyess*, 730 F.3d at 362. And any movant alleging that counsel's failure to investigate amounts to ineffective assistance must proffer "what favorable evidence or testimony would have been produced." *See Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996).

In the instant matter, Wilson confirmed that he, alongside private investigator W. Blackman, who was hired to investigate petitioner's case, met with petitioner at the Cumberland County Jail on numerous occasions. [DE 129-7]. While petitioner claims that he "presented his counsel with seven alibi witnesses who could offer testimony" to support petitioner's defense, [DE 120], the record belies his statement. [DE 129-7]. According to the record evidence, Blackman "followed up on any leads as to the many witnesses [petitioner] provided." [DE 129-7]. However, "many" of the witnesses "could not be located." [DE 129-7, 129-5]. And, more important, the witnesses who were found "did not materially verify [petitioner's] assertions." [DE 129-7, 129-5]. Thus, Wilson, with the assistance of Blackman, conducted an appropriate investigation – which is all that *Strickland* requires. *Dyess*, 730 F.3d at 362. Accordingly, because petitioner cannot meet his burden of demonstrating that Wilson's performance fell below the *Strickland* standard, his claim alleging ineffective assistance of counsel for failure to investigate must be denied.[1]

In sum, each of petitioner's ineffective assistance of counsel claims fail to satisfy the *Strickland* two-prong test. [DE 115, 120]. Further, none of petitioner's claims entitle him to an evidentiary hearing because, as the Fourth Circuit has explained, "[t]o obtain an evidentiary

---

[1] To the extent petitioner also challenges Wilson's decision not to call certain witnesses that Blackman did locate, the Court finds that Wilson's decision was not objectively unreasonable. *See Dyess*, 730 F.3d at 365–65 (noting that courts give "counsel wide latitude in determining which witnesses to call as part of their trial strategy").

7

hearing on an ineffective assistance claim petitioner must come forward with some evidence that the claim might have merit." *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *overruled on other grounds by Gray v. Netherland*, 518 U.S. 152, 165-66 (1996). Thus, "unsupported, conclusory allegations," like petitioner's instant claims, "do not entitle a habeas petitioner to an evidentiary hearing." *Nickerson*, 971 F.2d at 1136.

In sum, petitioner has failed to state a claim upon which relief can be granted. [DE 115]. Accordingly, his 28 U.S.C. § 2255 petition must be dismissed.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

### CONCLUSION

For the above reasons, the government's motion to dismiss [DE 126] is GRANTED and petitioner's § 2255 motion [DE 115] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this $\underline{30}$ day of November, 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

8